

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

September 14, 2021

APPLICATION GRANTED
SO ORDERED

9/14/21
John G. Koeltl, U.S.D.J.

Filko Prugo
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
T +1 212 596 9787

**BY ECF**

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1330
New York, NY 10007

Re:   **Sarepta Therapeutics, Inc. et al. v. BioMarin Leiden Holding BV et al., 1:21-cv-7534: Request to Maintain Sealing Order**

Dear Judge Koeltl:

As set forth in more detail in the Complaint, Plaintiffs Sarepta Therapeutics, Inc. and International Holdings Two, Inc. (collectively, "Plaintiffs" or "Sarepta") bring this action for declaratory and monetary relief against BioMarin Leiden Holding BV, BioMarin Nederlands BV, and BioMarin Technologies BV (collectively, "Defendant" or "BioMarin"). Plaintiffs' claims arise from Defendant's breach of a license agreement executed by Plaintiffs and Defendant on July 17, 2017, as amended on April 14, 2019 (collectively, the "Agreement," and the April 14, 2019 amendment, the "Amendment"). Because this confidential Agreement contains highly sensitive business information, Plaintiffs moved, prior to commencing this action and pursuant to Federal Rule of Civil Procedure 5.2(d), for leave to file a redacted complaint and to file an unredacted complaint under seal, including with respect to the exhibits attached thereto. *See* 1:21-mc-742, Dkt. No. 1 (Sept. 8, 2021). On September 8, 2021, the Honorable Analisa Torres granted Plaintiffs' motion. *See* 1:21-mc-742, Dkt. No. 3 (the "Sealing Order"). On September 9, 2021, Plaintiffs filed the redacted and unredacted Complaint as set forth in the Sealing Order. Because the Sealing Order provides that the documents shall remain sealed only until September 15, 2021 unless a party moves to keep the seal in place, Plaintiffs submit this letter motion respectfully requesting that the unredacted complaint and exhibits remain under seal.[1]

---

[1] While the Sealing Order and Plaintiffs' redacted and unredacted Complaints and exhibits thereto have previously been submitted to this Court as set forth in the Sealing Order, the documents are attached to this letter motion for reference. The Sealing Order is attached as **Exhibit 1**, the redacted Complaint and exhibits thereto are attached as **Exhibit 2**, and the unredacted complaint and exhibits thereto are attached as **Exhibit 3**.

While there is a "a common law presumption in favor of permitting public access to judicial documents," courts "balance[] this common law presumption of access against competing comparisons." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011). These competing concerns often include protecting a party's confidential research and development and financial information. *See Capri Sun GmbH v. Am. Beverage Corporation;* 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (quoting *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021)); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").

The limited redactions that Plaintiffs have made pursuant to the Sealing Order—three sentences in the Complaint and certain highly confidential provisions in the Agreement and Amendment that have previously been redacted in regulatory filings—are justified by the competitive harm that public disclosure would cause Plaintiffs. The sentences that Plaintiffs redacted in the Complaint concern highly confidential information about the precise amount of royalty payments made to Defendant. Such sensitive financial information is properly filed under seal. *See Brandon v. NPG Recs., Inc.*, 2020 WL 2086008, at *11 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020) (granting a motion to seal certain documents that included licensing negotiations about "specific royalty and lump sum payment rates"). These redactions are also appropriate because they are limited in scope and narrowly tailored. *See, e.g., Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) ("Because Plaintiffs' request is narrowly tailored, and because Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access, the Court authorizes the sealing of the redacted statements.").

The redactions to the Agreement and Amendment, Exhibits 1 and 2 to the Complaint, respectively, are also limited in scope and intended to protect sensitive business information. Both of these documents were previously filed in redacted form with the Securities and Exchange Commission ("SEC"): the Agreement was filed as Exhibit 10.8 to Sarepta Therapeutic, Inc.'s August 3, 2017 quarterly report "10-Q" [2] and the Amendment was filed as Exhibit 10.1 to Sarepta Therapeutic, Inc.'s August 7, 2019 quarterly report "10-Q."[3] Plaintiffs have filed the same redacted versions of those documents here. The limited redactions to the Agreement and Amendment protect sensitive intellectual property and financial information, including detailed descriptions of the

---

[2] The August 3, 2017 quarterly report is available at https://www.sec.gov/Archives/edgar/data/0000873303/000156459017015393/srpt-10q_20170630.htm.

[3] The August 7, 2019 quarterly report is available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0000873303/000156459019030035/srpt-10q_20190630.htm.

chemical makeup of proprietary products, the parties' intellectual property portfolios, and the calculation of net sales on which Plaintiffs' royalty payments to Defendant are made. Plaintiffs' interest in maintaining the confidentiality of these documents outweighs the public interest in their disclosure. *See Playtex Prod.*, 2016 WL 1276450, at *11 (granting a motion to redact information in briefs and exhibits related to "sales and revenue" and "research and development for new products" on the grounds that "Plaintiffs would be competitively harmed if they were revealed"); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649 (granting motion to seal "proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" because "the privacy interests of the defendants outweigh the presumption of public access . . . ."). Like the redactions in the Complaint, the redactions to the Agreement and Amendment are also appropriate because they are narrowly tailored to preserve public access to the extent possible. *See Playtex Prod.*, 2016 WL 1276450, at *11.

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiff's request to keep the seal in place as set forth in the Sealing Order.

Respectfully submitted,

/s/ Filko Prugo
Filko Prugo

## CERTIFICATE OF SERVICE

I, Filko Prugo, hereby certify that on September 14, 2021, the foregoing letter motion was served via electronic mail and regular mail upon Defendant's counsel:

> Jason G. Winchester, Esq.
> Jones Day
> 77 West Wacker, Suite 3500
> Chicago, IL 60601-1692
> jgwinchester@jonesday.com

Executed on September 14, 2021

/s/ Filko Prugo
Filko Prugo